IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**UNITED FINANCIAL CASUALTY COMPANY**            **PLAINTIFF**

**v.**            **NO. 12-2154**

**KENNETH SHANE SHELTON**
**JESSA ANDERSON**            **DEFENDANTS**

### MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT JESSA ANDERSON'S MOTION TO DISMISS OR STAY

Comes now Defendant Jessa Anderson, by and through her counsel, and for her Memorandum Brief in Support of her Motion to Dismiss or Stay, states and alleges as follows:

### I. BACKGROUND

Jessa Anderson respectfully requests that this Court dismiss or stay Plaintiff's Complaint for Declaratory Judgment because there is a parallel state court proceeding on state law issues wherein all relevant facts will be developed with all necessary parties joined in that case for a decision on the personal injury and insurance coverage. The underlying facts at issue in the parallel state court case in Polk County, Arkansas ("the *Anderson* lawsuit"), concern Defendant Jessa Anderson's serious and permanent personal injury, the owner of the truck ("2000 Peterbilt semi-truck") that collided with her, and whether or not there is insurance coverage, all of which are state law issues before the state court.

The purported "transfer" of the truck is disputed and will be addressed in the underlying litigation where all necessary parties are joined. Shortly before the accident occurred on March 15, 2010, the truck was transferred by the father, Ronald E. Peters, through his daughter Brandy Shelton as power-of-attorney, to his daughter Brandy Shelton and son-in-law, Defendant Kenneth Shane Shelton. The transfer was part of the family business. The Defendant son-in-law

1

and Ronald E. Peters are listed as covered and rated drivers on the Progressive insurance policy, which was still in force, because the transfer was not valid. The Defendant son-in-law believed he was covered by the Progressive insurance at the time of the accident.

Presently, in this lawsuit, the only issue is whether or not there is insurance coverage because of a purported transfer of the covered vehicle. Jessa Anderson respectfully submits this coverage determination can only be made after development of the underlying facts in the *Anderson* lawsuit. Importantly, for finality, the *Anderson* lawsuit has all parties necessary to adjudicate each of these state law claims. Thus, any decision on declaratory judgment alone is premature, or not ripe for full consideration, until the underlying facts are developed through discovery in the parallel state court proceeding, which involves all necessary parties to the contract and declaratory proceeding.

The *Anderson* lawsuit was filed in Polk County, Arkansas on October 29, 2012, naming as defendants Ronald E. Peters, Brandy Shelton, Progressive Commercial Auto Insurance, Progressive Auto Casualty Company, Progressive Casualty Insurance Company, Progressive Classic Insurance Company, Progressive Northwestern Insurance Company, and United Financial Casualty Company, along with original defendants Kenneth Shane Shelton and Shane Shelton Trucking.[1] *See* Exhibit "1," attached to Defendant's Motion to Dismiss or Stay. All pertinent facts, which link together every defendant in the *Anderson* lawsuit, are critical for determining whether or not there is insurance coverage for the personal injury lawsuit. Anderson alleges that Ronald E. Peters and Kenneth Shane Shelton, both rated drivers on the insurance policy at issue, have been working together in some form of employment relationship,

---

[1] Jessa Anderson originally filed her Complaint on March 14, 2012, several months before this declaratory proceeding, seeking recovery for serious and permanent personal injuries sustained in a motor vehicle accident caused by Defendant Kenneth Shane Shelton.

partnership, master/servant, alter-ego or joint venture. Brandy Shelton, Kenneth's wife and daughter of Ronald E. Peters, has power-of-attorney for Ronald E. Peters. Importantly, as POA, she sold the 2000 Peterbilt semi-truck to her husband, Kenneth and herself, less than a month before the collision with Anderson.

The parties in the *Anderson* lawsuit have been named because they are necessary to a full and complete determination of all underlying issues, including the personal injury sustained by Jessa Anderson, the employment relationship, partnership, master/servant, alter-ego or joint-venture, a disputed transfer of the insured vehicle, liability, damages and insurance coverage. The decision by the state court will bind all joined parties. The only issue in this lawsuit is what parties are covered under a Progressive insurance policy underwritten by the Plaintiff, United Financial Casualty Company, in the State of Arkansas – a state policy governed by Arkansas state law.

The *Anderson* lawsuit will determine whether or not Defendant Kenneth Shane Shelton is covered under the Progressive insurance policy for which United Financial Casualty Company is an underwriter. Thus, the insurance coverage issue raised in United Financial Casualty Company's Complaint for Declaratory Judgment is exactly the same as the issue to be resolved in the parallel state court action. There, discovery will flesh out pertinent facts and details so that a determination can be made as to whether or not there is insurance coverage for the serious and permanent personal injury suffered by Jessa Anderson and that decision binds all parties to the insurance contract, including Ronald E. Peters, Brandy Shelton and the Progressive insurance companies.

## II. PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT SHOULD BE DISMISSED BECAUSE *YOUNGER* ABSTENTION DOCTRINE APPLIES.

Jessa Anderson respectfully submits the Court should dismiss Plaintiff's Complaint for Declaratory Judgment or stay this federal lawsuit under *Younger* abstention principles. *Younger v. Harris*, 401 U.S. 37 (1971). This federal comity policy, recognized as the *Younger* abstention doctrine, directs federal courts to abstain from accepting jurisdiction in cases where equitable relief is requested and granting such relief would interfere with pending state proceedings in such a way as to offend principles of comity and federalism. *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475 (8th Cir. 1998). In determining whether or not to accept jurisdiction, federal courts must consider: (1) whether the action complained of constitutes an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

### A.  The action in Polk County is an ongoing state judicial proceeding.

Anderson respectfully submits the principles of *Younger v. Harris* apply in full force. *Hicks v. Miranda*, 422 U.S. 332, 349 (1975). The underlying state case addresses state law issues pertaining to insurance coverage. Presently, there have been no substantive issues decided in this lawsuit, nor discovery taken. Discovery is ongoing in the state action with previous written discovery having been propounded upon Defendant Shelton and current written discovery propounded to flesh out issues pertaining to the personal injury and the existence of underlying insurance coverage. Thus, to decide whether there is a pending state judicial proceeding within *Younger*, focus is properly placed on the status of the state court proceeding at the time of the district court's decision to abstain. *Night Clubs, Inc.*, 163 F.3d at 480 (citing *Wiener v. County of San Diego,* 23 F.3d 263, 266 (9th Cir.1994)). Significantly, the first-filed rule does not apply.

4

*Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 875 (8th Cir. 2000) (upholding dismissal of a declaratory judgment action though it was filed six months before state action was filed).

Here, the current proceeding in Polk County was initiated on October 29, 2012, but follows the first state court lawsuit (which had been non-suited), which was filed before this federal declaratory proceeding was filed. *See* Compl. ¶ 7. The action in Polk County is an ongoing state judicial proceeding that relates back to the original state court lawsuit filed before July 11, 2012.

Plaintiff's Complaint in this action was filed on July 11, 2012. (Doc. 1). A proposed trial date of August 19, 2013, is in the Initial Scheduling Order. (Doc. 17). No proceeding of any type on the merits of this lawsuit has occurred. Therefore, the filing dates of the respective cases is of no consequence and absention is warranted. *Haverfield*, 218 F.3d at 875. Because there is an ongoing state court proceeding, the first requirement for *Younger* absention is met.

**B.  The proceedings in Polk County implicate important state interests.**

The second *Younger* requirement requires state proceedings implicate important state interests. *Middlesex*, 457 U.S. at 432. The federal court does not weigh the competing interests of the federal and state courts. *See id*. at 432-34.

Here, significant state court interests are heavily implicated. The underlying facts concern Arkansas parties located in Mena, Polk County, Arkansas where discovery is ongoing and extensive discovery will soon take place. The insurance policy is an Arkansas state insurance policy for a personal injury, which occurred in Arkansas and proceeds under Arkansas tort law. Not only are the personal injury facts and parties' legal relationship a state issue, a state's interest in enforcing its insurance laws is among the highest, and the nature of the insurance industry necessitates pervasive state regulation. *See California State Auto Ass'n v.*

*Maloney,* 341 U.S. 105, 109-10 (1951) ("Clearing the highways of irresponsible drivers, devising ways and means for making sure that compensation is awarded the innocent victims, and yet managing a scheme which leaves the highways open for the livelihood of the deserving are problems that have taxed the ingenuity of law makers and administrators.").

Further, under *Younger* abstention principles as outlined by the United States Supreme Court, it is not the province of the federal courts to measure the social advantage to Arkansas of regulating the conduct of insurance companies within its borders insofar as it affects <u>Arkansas</u> risks. *See Osborn v. Ozlin*, 310 U.S. 53, 65 (1940). Arkansas has an important interest in regulating its drivers and compensating those Arkansas citizens that fall victim to others who violate Arkansas driver regulations, which is the factual background here. Because the Progressive contract in the present case (underwritten by the Plaintiff) is an Arkansas policy, which should be governed by Arkansas law, the dispute regarding coverage involves Arkansas residents, a vehicle that is registered in Arkansas, an accident, which occurred in Polk County and an Arkansas issued insurance policy covering Arkansas tortfeasors. Hence, the Circuit Court of Polk County is situated and equipped to dispose of the Arkansas state law personal injury facts and state facts pertaining to insurance coverage. *See, e.g., Nat'l Security Fire & Casualty Co.*, 309 Ark. 206, 208, 828 S.W.2d 836, 838 (1992) (Arkansas state courts can decide declaratory judgments on insurance coverage). Federal courts would apply Arkansas law in this situation, *see, e.g.*, *Bates v. Security Benefit Life Ins. Co.*, 146 F.3d 600, 603 (8th Cir. 1998) (applying Arkansas law to insurance policy in diversity action), thus, this declaratory proceeding is primarily one of state, not federal interest. Therefore, the second requirement for *Younger* abstention is met.

### C. Plaintiff has not raised any federal constitutional issues.

Under the third requirement for abstention under the *Younger* doctrine, there must be an adequate opportunity in the state proceedings to raise federal constitutional issues. *Middlesex, supra*. Here, this requirement is inapplicable because Plaintiff has not raised any federal constitutional issues. This is a personal injury case involving state tort law. There are no issues of federal law. Nonetheless, any federal constitutional issue pertaining to coverage (if it would arise) could be properly addressed by the state court. *See, e.g.*, *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997) (stating that state courts have equal responsibility in deciding federal constitutional issues). In sum, because there is an ongoing state judicial proceeding, the proceedings implicate important state interests and Plaintiff has not raised any federal constitutional challenges, the *Younger* abstention doctrine applies. Dismissal is appropriate. *Id.*

### III.   THIS COURT HAS BROAD DISCRETION TO ABSTAIN FROM EXERCISING JURISDICTION IN A DECLARATORY ACTION WHEN A PARALLEL STATE COURT PROCEEDING EXISTS.

The issue in controversy in this action is better settled by the state court, which involves the same parties and the same insurance policy. Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Therefore, a federal court is not obligated to assume jurisdiction over a declaratory judgment action and has discretion to dismiss such an action when appropriate. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

In *Wilton*, the Supreme Court considered the appropriate standard governing a district court's decision to dismiss or stay a federal declaratory judgment action during the pendency of parallel state court proceedings and adopted the standard set forth in its 1942 decision in

*Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). Under *Brillhart,* the district court must consider the scope and nature of the pending state court proceeding to ascertain whether the issues in controversy between the parties to the federal action, not foreclosed under applicable substantive law, can be better settled by the state court. *See id.* at 495. The Supreme Court held that it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment action where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. *Id.* Moreover, the Court further reasoned that gratuitous interference with the orderly and comprehensive disposition of state court litigation should be avoided. *Id.*

As the Eighth Circuit has stated in simple terms, where there are obvious similarities between state and federal actions, permitting the federal action to proceed is unnecessarily duplicative. *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 875 (8th Cir. 2000). Such obvious similarities include cases where both actions involve the same parties, the same issue, the same insurance policies, and the same arguments. *Id.* Further, in determining matters pertaining to insurance coverage, courts are required to interpret the policy in accordance with state law. *Id.*

Indeed, the similarities between the present action and the state court action are obvious. All parties to this declaratory judgment action are parties to the parallel state action. Both actions involve the same Progressive insurance policy, and both sides will make the same arguments about an issue that is not governed by federal law. Ultimately, that issue is whether the Progressive insurance policy, underwritten by United Financial Casualty Company, provides coverage for the personal injury accident, which severely and permanently injured Jessa

Anderson. Given these similarities, this Court should err on the side of judicial efficiency, exercise its broad discretion, and allow the Circuit Court of Polk County to resolve this matter.

### IV.   THE STATE ACTION IN POLK COUNTY HAS ALL PARTIES NECESSARY TO ADJUDICATE THE STATE ISSUES.

The Circuit Court of Polk County has before it all parties necessary to adjudicate the state issues. Pursuant to Ark. Code Ann. § 16-111-104, any person interested under a written contract may have determined any question of construction or validity arising under the contract and obtain a declaration of rights, status, or other legal relations thereunder. When the declaratory relief is sought, <u>all persons shall be made parties who have or claim any interest which would be affected by the declaration</u>, and no declaration shall prejudice the rights of persons not parties to the proceeding. Ark. Code Ann. § 16-111-106(a).

Both this Court and the state court have before them United Financial Casualty Company, Kenneth Shane Shelton, and Jessa Anderson as parties. The parallel state action, however, also includes Ronald E. Peters and Brandy Shelton. Mr. Peters was the original owner of the 2000 Peterbilt semi-truck and <u>is also a named insured under the policy in question</u>, thus, a necessary party.  Brandy Shelton, Kenneth's wife and the holder of Power of Attorney for Ronald E. Peters, sold the insured semi-truck to Kenneth in a transaction alleged by Jessa Anderson to be invalid for want of consideration, a fraudulent sham between partners, alter-egos and joint-venturers. Brandy Shelton, along with Shane Shelton Trucking, is also a named defendant in the state action.  In light of these variances in the facts, which need to be developed, the state court proceeding is in the best position to address the issues and ripen them for a decision on insurance coverage that is binding. *Travelers Ind. Co. v. Bowling Green Prof'l Assoc., PLC*, 495 F.3d 266 (6th Cir. 2007) (finding district court abused its discretion in exercising jurisdiction over declaratory judgment where declaratory judgment proceeding could not resolve underlying suits

or clarify the legal relationship between the parties). Here, the lack of factual record is not developed so that the declaratory judgment proceeding would bind the state court and all parties. *Travelers Ind. Co.*, 495 F.3d at 272.

Further, Progressive Commercial Auto Insurance, Progressive Commercial Casualty Company, Progressive Casualty Insurance Company, Progressive Classic Insurance Company, and Progressive Northwestern Insurance Company are all parties to the action in Polk County as the insurance policy is a Progressive automobile insurance policy with language approved by the Arkansas Insurance Department. *See* Progressive Policy, attached to Complaint for Declaratory Judgment at page 2, and as an attachment to Exhibit "1' to the Motion to Dismiss. All of these parties are necessary to the proper adjudication of this matter. Jessa Anderson has named each party in her state court Complaint. Each must be considered with particularity as the court determines liability, damages and declaratory relief under the insurance contract. In determining insurance coverage, the state court must also determine whether or not Kenneth is covered under the insurance policy at issue. The state court will have all the underlying facts present for evaluation of the insurance contract as it pertains to the automobile accident. Because the state court has before it all necessary parties and all necessary facts, it will be in the best position to make a determination of coverage after the underlying facts are developed in discovery. As stated in *Travelers Ind. Co.*, "'[s]tates regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation.'" *Travelers Ind. Co.*, 495 F.3d at 273 (quoting *Bituminous*, 373 F.3d at 815; *Mercier*, 913 F.2d at 279). Going further, the *Travelers Ind. Co.* Court stated: "This concern has been frequently applied in cases of insurance contract interpretation and we have held on a number of occasions that a district court should stay or dismiss complaints filed

by insurance companies seeking a declaratory judgment as to their underlying state court lawsuits." 495 F.3d at 273 (citations omitted). Any insurance coverage decision before development in the underlying state court lawsuit of the underlying facts for all necessary parties to the insurance contract would be premature and advisory.

In sum, the state court proceeding is best situated to address this matter because it has all the necessary parties to address the state law issues and to make determinative findings that bind everyone after the necessary facts are developed to analyze the insurance coverage issue. *Travelers Ind. Co.*, 495 F.3d at 272 ("Significantly, parties who may be potentially affected by the judgment, including the estates of Wampler and Caudill, were not joined in the federal district court action and are not parties now. As non-parties, the estates of Wampler and Caudill are not bound by the entry of a declaratory judgment."). Moreover, the state court is empowered to make a declaratory judgment decision on the issue of insurance coverage, which would be binding on all parties. Ark. Code Ann. § 16-111-104; *see also Travelers Ind. Co.*, 495 F.3d at 273 (finding that alternative declaration of rights procedure in Kentucky state court as a state court remedy for insurance company weighed against assertion of federal jurisdiction). Hence, these factors weigh reasonably in favor of dismissing or staying this litigation.

## V. CONCLUSION

In conclusion, Defendant Jessa Anderson respectfully submits the declaratory judgment issue is a state court matter, and no question of federal law is involved. United Financial Casualty Company will not suffer any prejudice by litigating this issue in Polk County. There, the exact same coverage issue will be determined under Arkansas law after the underlying personal injury and insurance coverage facts are developed with all necessary parties. For the

aforementioned reasons, this Court should decline to exercise its jurisdiction over this case and dismiss without prejudice, or stay the federal declaratory judgment action.

WHEREFORE, Defendant Jessa Anderson respectfully requests that this Court dismiss Plaintiff's Complaint for Declaratory Judgment and grant her Motion to Dismiss or Stay this lawsuit and for all other relief deemed appropriate, equitable and just.

Respectfully submitted,

By: /s/ Richard Quintus
Phillip J. Duncan, ABN 74039
Richard Quintus, ABN 2000078
William R. Pointer, ABN 2007216
Justin Zachary, ABN 2010162
DUNCAN FIRM, P.A.
900 S. Shackleford, Suite 725
Little Rock, AR 72211
(501) 228-7600
(501) 228-0415 *facsimile*
phillip@duncanfirm.com

## CERTIFICATE OF SERVICE

I, Richard Quintus, do hereby certify that I have sent a copy of the foregoing to the following via CM/ECF system on this 12th day of November, 2012:

Mr. Roy Gene Sanders
Matthews, Sanders & Sayes
825 West Third Street
Little Rock, AR 72201
(501) 378-0717
(501) 375-2924, *facsimile*
rsanders@msslawfirm.com

Mr. Richard N. Watts
Watts, Donovan & Tilley, P.A.
200 River Market Avenue, Suite 200
Little Rock, AR 72201-1769
(501) 372-1406
(501) 372-1209, *facsimile*
richard.watts@wdt-law.com

/s/ Richard Quintus
Richard Quintus