IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED FINANCIAL CASUALTY COMPANY                                    PLAINTIFF

VS.                                    2:12-cv-2154-PKH

KENNETH SHANE SHELTON and
JESSA ANDERSON                                                       DEFENDANTS

### PLAINTIFF'S RESPONSE TO DEFENDANT JESSA ANDERSON'S MOTION TO DISMISS

COMES now the Plaintiff, United Financial Casualty Company, by and through its attorneys, Matthews, Sanders & Sayes, and for its Response to Defendant Jessa Anderson's Motion to Dismiss states:

Defendant Anderson filed a Motion to Dismiss UFCC's Complaint for Declaratory Judgment by asserting that there is a parallel state court action in Polk County containing all of the alleged necessary parties as well as the same judicial issues. It is Defendant Anderson's assertion that the matter would better be handled in state court and as such a determination to decline jurisdiction would promote judicial economy and efficiency. However, Defendant Anderson cannot provide any justifiable, legitimate basis for this Court to decline jurisdiction.

UFCC insured a motor vehicle that originally belonged to and was titled in the name of Ronald Peters. It seems that shortly before the accident in question Mr. Peters transferred title of the vehicle to Brandy and Kenneth Shelton. UFCC was unaware of the transfer of title to the insured vehicle and did not extend a policy of insurance to Brandy or Kenneth Shelton. Kenneth Shelton was operating the vehicle when he was involved in an automobile accident with

Defendant Anderson. Defendant Anderson filed suit in Polk County Circuit Court seeking damages for the accident from Defendant Shelton. UFCC declined coverage for the accident as a result of the title transfer and filed the above styled action seeking a declaratory judgment. UFCC's Complaint contained the relevant parties, which were those involved in the Circuit Court tort action. Upon the filing of the declaratory judgment action Defendant Anderson dismissed her Circuit Court action without prejudice.

Defendant Anderson has since refiled the Circuit Court action but this time filed the tort claim against Defendant Shelton, Ronald Peters and Brandy Shelton along with an alleged claim for declaratory judgment against multiple Progressive Insurance entities, including UFCC. Upon filing the Circuit Court action, Defendant Anderson filed a Motion to Dismiss or Stay in this Court asserting that **Younger v. Harris**, **401 U.S. 37 (1971)** prohibits this Court from maintaining jurisdiction over the matter due to the abstention doctrine. Defendant Anderson is incorrect in her assertion that the abstention doctrine applies to the facts before this Court.

The United States Supreme Court recognized in **Huffman v. Purse, Ltd,** that **Younger,** *supra* and its companion cases dealt with the "propriety of federal-court intervention in pending state criminal prosecutions." **420 U.S. 592, 600 (1975)**. In **Huffman** the lessee of a theater ordered closed due to showing obscene films under the Ohio nuisance statute brought an action for declaratory and injunctive relief. The suit was brought prior to exhaustion of the state appellate remedies. The Supreme Court recognized that the abstention doctrine applied to criminal proceedings but narrowly expanded its application to civil actions which mirrored criminal actions, such as a State's interest in a nuisance litigation, and involved constitutional objections against a state's substantive policies. **Huffman**, **420 U.S. at 604**. Most importantly

the Supreme Court stated that:

> For the purposes of the case before us, however, we need make no general pronouncements upon the applicability of Younger to all civil litigation.

*Id.* **at 607**. Contrary to Defendant Anderson's assertion the abstention doctrine is not applicable to this declaratory action which is before this Court pursuant to diversity jurisdiction. There is no criminal action involved, no state interest involved in protection of its substantive law, and there is no constitutional challenge. This is a declaratory judgment action to ascertain whether or not a duty to defend and indemnify is owed to Defendant Shelton for his alleged negligence.

Defendant Anderson asserts that the underlying state case addresses state law issues pertaining to coverage. This is a contract matter to determine whether or not the facts before this Court establishes a contractual duty to defend and/or indemnify. Defendant Anderson asserts that discovery is ongoing in the state case and when there is a pending state case this Court should focus on the status of that case when determining whether or not it should abstain. In so asserting Defendant Anderson relies upon ***Night Clubs, Inc. v. City of Fort Smith, et al*, 163 F.3d 475 (1998)**. UFCC does not take issue with the fact that there are three issues to be addressed in order to determine whether or not the abstention doctrine should be followed. It has been clearly stated that the following three things should be considered:

> 1. Whether the action complained of constitutes an ongoing state judicial proceeding,
> 2. Whether the proceedings implicate state interests, and
> 3. Whether there is an adequate opportunity in the state proceedings to raise constitutional challenges.

*Night Clubs, Inc.*, **163 F.3d at 479**. UFCC once again asserts that the abstention doctrine should not be applied to this type of civil proceeding for the arguments set out above. Defendant

3

Anderson's reliance upon *Night Clubs, Inc.* does not alter that argument as it involved zoning ordinances, an administrative matter.

Even if this Court determines that it should consider the three issues cited above for invoking the abstention doctrine, UFCC maintains that all three issues cannot be answered in the affirmative which thereby allows this Court to continue with its jurisdiction over this matter. The first standard is whether or not the action complained of constitutes an ongoing state judicial proceeding. It is UFCC's position that there is no viable ongoing state judicial proceeding containing the identical issues that are presented to this Court. There is no question that Defendant Anderson filed a Complaint in the Circuit Court of Pike County asserting an alleged claim for a declaratory determination for coverage. However, that claim has been asserted by Defendant Anderson, a claimant, not by an insured under the policy. UFCC has filed a Motion to Dismiss the Circuit Court matter against it and the Progressive entities also listed in that Complaint as Defendant Anderson does not have standing to pursue a declaratory action.

Defendant Anderson is not an insured under the policy; rather, she is merely a claimant asserting a claim against Defendant Shelton, who may or may not have liability coverage under the policy. Defendant Anderson is not a party to the insurance contract and without a judgment against Defendant Shelton does not have a legally protected right to the benefits of the contract. "There is no law authorizing a declaratory judgment to be sought by a third party." *Nall v. Scott*, **233 Ark. 21, 24, 342 S.W.2d 418 (1961)**. Additionally, the Arkansas Supreme Court has clearly stated that the Declaratory Judgment Act "was not intended to allow any question to be presented by any person: the matter must be justiciable." There has to be a "present, actual controversy." *Andres v. First Ark. Dev. Fin. Corp*, **230 Ark. 594, 606, 324 S.W.2d 97 (1989)**.

There is no issue until a judgment is awarded to Defendant Anderson and it is not paid. Defendant Anderson is simply attempting to side-step Arkansas' law which prevents a direct action against the insurer and in an attempt to prohibit this Court from hearing the matter. There is no viable on going action in Circuit Court involving the same issues before this Court.

The second issue is whether or not the proceedings implicate important state interests. Defendant Anderson asserts that there is an important state's interest in enforcing its insurance laws and the nature of the insurance industry necessitates state regulation. Defendant Anderson is taking an expansive interpretation of the requirement that important state interests be involved. There is no challenge to the interpretation of the insurance laws or regulations. There is no challenge to the constitutionality of the insurance laws or regulations. There is no state interest to force an insurance carrier to provide coverage when there is simply no coverage based upon the language of the policy at issue. An important state interest would involve a state nuisance proceeding, an insurance commission proceeding, a criminal prosecution or a constitutionality challenge. Defendant Anderson simply cannot establish the important state interest to be protected as there is no constitutionality challenge, no insurance commission proceeding or statutory challenge. This is merely a contract interpretation and enforcement case, not a pressing state interest; otherwise, this Court would never have jurisdiction over declaratory judgment actions involving insurance companies.

The third issue involves whether there is adequate opportunities in the state proceeding to raise constitutional challenges. In this instance there are no constitutional challenges to be raised. However, any party to the Circuit Court action could raise a constitutional challenge if that party had standing to make such action. Therefore, the third issue is irrelevant as Defendant Anderson cannot establish an affirmative answer to the first two issues.

Defendant Anderson also asserts that this Court should err on the side of judicial efficiency and exercise its broad discretion by allowing the Circuit Court to determine the action. However, the filing of subsequent suits in other courts, such as the Polk County Circuit Court, will not deprive this Court of jurisdiction over the matter. ***Allstate Ins. Co v. Thompson*, 121 F. Supp. 696 (1954)**. The crucial question is whether the relief sought can be more effectively obtained in the other suit, or in the declaratory judgment action as the pendency of another sit does not militate against the granting of declaratory judgment. *Id.* In this instance the relief or determination of coverage cannot be more effectively obtained in the Circuit Court action as the Defendant Anderson does not have standing to assert such an action in the tort litigation.

Finally, Defendant Anderson asserts that the matter should be heard in Circuit Court because all of the necessary parties are listed in that action. As stated above Defendant Anderson non-suited her original claim which was solely against Defendant Shelton. Since that time she refiled the matter and added numerous Defendants to the tort claim, but simply because she changed the playing field does not mean that UFCC should not have an opportunity to amended the Complaint to include the additional players the Plaintiff added to the tort litigation. It is UFCC's intention to file a Motion for Leave to File an Amended Complaint within the next few days in order to include the new additional parties to the litigation.

UFCC filed this matter in this Court and it should remain in this Court. Declaratory Judgment actions can and should be completed in this Court as the abstention doctrine does not apply. Defendant Anderson failed to establish that she has standing to seek a declaratory judgment action in Circuit Court as such there will be no parallel litigation. UFCC intends on filing a Motion for Leave to File an Amended Complaint in order to bring the newly added

6

defendants to the tort litigation into this matter. Therefore, United Financial Casualty Company respectfully asks this Court to deny Defendant Anderson's Motion to Dismiss or Motion to Stay.

                                            Respectfully submitted,

                                            MATTHEWS, SANDERS & SAYES
                                            Attorneys for Plaintiff United Financial
                                            Casualty Company


                                        By:  /s/ Doralee Idleman Chandler
                                            Doralee Idleman Chandler #98179
                                            Roy Gene Sanders #75110
                                            825 West Third Street
                                            Little Rock, Arkansas 72201
                                            501/378-0717
                                            dchandler@msslawfirm.com


## Certificate of Service

     I hereby certify that on this   26th   day of   November  , 2012, a true and correct copy of the above and foregoing instrument was a duly served on the other parties herein by either electronic service or by mailing a copy of same, postage paid, to:

Mr. Richard Quintas
Duncan Firm
900 S. Shackleford, Suite 725
Little Rock, Arkansas 72211

Mr. Richard Watts
Watts, Donovan, & Tilley
200 River Market Avenue, Suite 200
Little Rock, Arkansas 72201


                                            /s/ Doralee I. Chandler
                                            Doralee I. Chandler