IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED FINANCIAL
CASUALTY COMPANY                                                          PLAINTIFF

v.                                    Case No. 2:12-CV-02154

KENNETH SHANE SHELTON
d/b/a SHANE SHELTON TRUCKING
and JESSA ANDERSON                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

In this action for declaratory judgment, Plaintiff United Financial Casualty Company

("United Financial") seeks a declaration that no insurance coverage exists under a commercial

automobile insurance policy and that it has no duty to defend Defendant Kenneth Shane Shelton

d/b/a Shane Shelton Trucking ("Shelton") in an underlying state court proceeding filed by Defendant

Jessa Anderson in the Circuit Court of Polk County, Arkansas.  Currently before the Court are

Defendant Anderson's Motion to Dismiss or Stay (Doc. 24) and brief in support, to which United

Financial has filed a Response in Opposition (Doc. 27).[1]  For the reasons set forth below, Defendant

Anderson's Motion to Dismiss or Stay is GRANTED to the extent the Court will abstain from

exercising its jurisdiction, and the matter is STAYED pending resolution of the state court

proceeding.  As a result of the stay, all other motions currently pending before the Court are

DENIED as moot.

---

[1] United Financial's Motion for Default Judgment as to Defendant Shelton (Doc. 19); United
Financial's Motion for Leave to Amend Complaint (Doc. 28) and Defendant Anderson's Response
in Opposition (Doc. 29); and United Financial's Motion for Continuance (Doc. 30) are also pending
before the Court, but in light of the abstention issue raised by Anderson's Motion to Dismiss or Stay,
the Court finds it appropriate to first resolve that motion.

**I. Background**

United Financial is the underwriter for an insurance policy, Policy No. 04514835-0 (the "Policy"), issued by Progressive[2] to Ronald Peters. The Policy provided commercial automobile liability coverage for a 2000 Peterbilt semi-truck (the "Peterbilt"). On March 15, 2010, an automobile collision occurred in Mena, Arkansas, involving a vehicle driven by Anderson and the Peterbilt, which was being driven by Shelton in the course of his business. On March 14, 2012, Anderson filed suit in the Circuit Court of Polk County, Arkansas, alleging Shelton was negligent in his operation of an automobile and seeking damages. Shelton demanded coverage from United Financial under the Policy, which United Financial denied. On July 11, 2012, United Financial filed a Complaint for Declaratory Judgment (Doc. 1) against Defendants Anderson and Shelton in this Court, seeking a determination that the Policy does not provide coverage for the March 15, 2010 collision and that United Financial has no duty to defend in the underlying state court action.

Shelton was personally served on July 21, 2012, and was required to file an Answer or other responsive pleading on or before August 13, 2012. To date, Shelton has not filed an Answer or otherwise responded in this matter. On September 24, 2012, United Financial filed a Motion for Default Judgment as to Defendant Shelton. The Clerk of Court entered the default of Defendant Kenneth Shane Shelton d/b/a/ Shane Shelton Trucking on September 25, 2012. Anderson filed a Motion to Dismiss or Stay (Doc. 24) the federal declaratory judgment action on November 12, 2012, arguing that this Court should dismiss or stay the instant action due to the pendency of a parallel state court proceeding.

---

[2] "Progressive" is the entity named on the Policy's Declarations Page, and various Progressive entities are named defendants in the state court action. In the interest of clarity, the Court will refer to the them collectively as "Progressive."

**II. Analysis**

Anderson argues that this Court should decline to exercise its otherwise proper diversity

jurisdiction under the principles of either *Younger* abstention or *Brillhart/Wilton* abstention. In

response, United Financial argues that Anderson fails to provide a justifiable, legitimate basis for

this Court to decline to exercise its jurisdiction, as the abstention doctrine[3] does not apply in this

type of civil proceeding and the state court action is not a "viable ongoing state judicial proceeding

containing the identical issues" that are before this Court.  Each of these arguments is discussed

below.

As a general rule, district courts are obligated to adjudicate cases that are properly filed in

federal court.    *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 792 (8th Cir. 2008); *see also*

*Mountain Pure, LLC v. Turner Holdings, LLC*, 439 F.3d 920, 926 (8th Cir. 2006) ("Federal courts

have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them,' even when there

is a pending state court action involving the same subject matter.") (quoting *Colorado River Water*

*Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).  Even so, where there are concurrent

federal and state proceedings, "[c]omity or abstention doctrines may, in various circumstances,

permit or require the federal court to stay or dismiss the federal action in favor of the state-court

litigation." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 292 (2005).   Federal courts

have "formulated various abstention doctrines, which are not rigid pigeonholes into which federal

courts must try to fit cases, but rather classes of cases in which federal courts may properly exercise

their traditional discretion to withhold equitable or quasi-equitable forms of relief." *Night Clubs,*

---

[3] In its Response, United Financial does not acknowledge that multiple abstention doctrines
exist, and instead refers only to a singular general "abstention doctrine."

*Inc. v. City of Fort Smith*, 163 F.3d 475, 479 (8th Cir. 1998) (internal quotation omitted).

### A. *Younger* Abstention

Anderson first urges the Court to apply the abstention doctrine that has developed under *Younger v. Harris*, 401 U.S. 37 (1971), and specifically in this Circuit under *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475 (8th Cir. 1998). United Financial agrees with Anderson's assertion that the test enunciated in *Night Clubs, Inc.* controls the Court's determination of whether or not to abstain. The Court disagrees with the parties' conclusion that the standard in *Night Clubs, Inc.* applies here. The test articulated in *Night Clubs, Inc.* applies when a court is determining whether to abstain under *Younger*. Courts abstain under *Younger* to avoid interfering with certain classes of ongoing state law enforcement proceedings. *See, e.g.*, *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 594 (1975) (civil nuisance action); *Trainor v. Hernandez*, 431 U.S. 434, 444 (1977) (welfare fraud); *Moore v. Sims*, 442 U.S. 415 (1979) (child abuse litigation); *Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982) (state attorney disciplinary proceeding involving a federal constitutional challenge to disciplinary rules). In contrast, the Motion before the Court seeks to dismiss or stay the pending declaratory judgment action because of an underlying contemporaneous state lawsuit for damages and declaratory relief. Therefore, the Court concludes that the *Younger* abstention doctrine does not apply here.

### B. *Brillhart/Wilton* Abstention

Anderson next urges the Court to apply the abstention doctrine as it has developed in the specific context of declaratory judgment proceedings. Federal courts have greater discretion to abstain in an action brought pursuant to the Federal Declaratory Judgment Act (the "Act") because the Act itself confers discretion on the courts, rather than an absolute right upon the litigant. *Royal*

*Indem.*, 511 F.3d at 792–793.  "There is . . . nothing automatic or obligatory about the assumption of jurisdiction by a federal court to hear a declaratory judgment action."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (internal quotation omitted).  In *Brillhart v. Excess Insurance Co. of America*, the United States Supreme Court emphasized the discretionary nature of actions brought under the Act and held that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."  *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1962).  Thus, "at least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in gratuitous interference, if it permitted the federal declaratory action to proceed."  *Wilton*, 515 U.S. at 283 (internal citation omitted).  When there are no parallel proceedings pending in state court, a district court's discretion to abstain is limited.  *Scottsdale Ins. Co. v. Detco Indus. Inc.*, 426 F.3d 994, 999 (8th Cir. 2005).

As a threshold matter, the Court must determine whether there are parallel proceedings pending in state court.  *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 535 (8th Cir. 2009).  The Eighth Circuit has instructed that "[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums."  *Scottsdale*, 426 F.3d at 997.  There is conflicting authority in this Circuit regarding whether the proceedings must be parallel at the time the federal action was filed, or if it is sufficient that the proceedings are parallel at the time the Court considers whether or not to abstain.  *Compare Scottsdale*, 426 F.3d at 996 (analyzing whether suits were parallel at the time of filing the federal action) *with Royal Indem.*, 511 F.3d at 796 (affirming the district court's decision to apply *Brillhart/Wilton* abstention analysis where the parties to the

state and federal actions were "the same at the time this appeal was submitted"); *see also Fru-Con*, 574 F.3d at 538 (noting the discord between the *Scottsdale* time-of-filing rule and the later decision in *Royal Indemnity*, but leaving the issue open and finding parallelism defeated by presence of a federal question).  The Court finds that under *Royal Indemnity*, *Brillhart/Wilton* abstention analysis is properly based on the state of proceedings as they presently exist, adopting a time-of-abstention rule.  *Accord James River Ins. Co. v. Impact Strategies, Inc.*, 699 F. Supp. 2d 1086, 1090 (E.D. Mo. 2010).

United Financial argues that "there is no viable ongoing state judicial proceeding."  (Doc. 27, p. 4).  While United Financial makes this argument in opposition to abstention under *Younger*, the Court will address it here.  United Financial argues that the underlying state court action is not "viable" because United Financial has filed a motion to dismiss alleging that Anderson lacks standing to sue United Financial and Progressive.  The Court declines to speculate as to how the state court will rule on United Financial's state court motion.  Based on the information provided to the Court, there is a viable ongoing proceeding in the Circuit Court of Polk County.

The Court concludes that at this time, the proceedings are sufficiently parallel.  Anderson non-suited the original state court action that was pending at the time United Financial filed the instant federal action, and re-filed it on October 29, 2012, adding United Financial, Ronald E. Peters, Brandy Shelton, John Doe Trucking Company, and various Progressive entities as defendants. The October 29 Complaint contains multiple negligence counts against the defendants, and also seeks a declaratory judgment as to coverage under the Policy.  As the cases currently stand, all parties to the federal action are parties to the underlying state court action, and both actions seek a declaratory judgment as to insurance coverage under the same insurance policy.  Therefore, for the purpose of

applying *Brillhart/Wilton* analysis, the proceedings are parallel.

Courts determining whether to abstain under *Brillhart/Wilton* consider whether state or federal law applies to the issues, whether all necessary parties have been or could be joined in the state action, the relative stage of the proceedings in each action, and whether the claims of all parties in interest can be adjudicated in the state action. *Brillhart*, 316 U.S. at 495; *Maryland Cas. Co. v. Shayatovich*, 2012 WL 6626808, at *7 (E.D. Mo. Dec. 19, 2012). In this Circuit, "[t]he key consideration for the district court is 'to ascertain whether the issues in controversy between the parties to the federal action . . . can be better settled by the state court' in light of the 'scope and nature of the pending state court proceeding.'" *Evanston Ins. Co. v. Johns*, 530 F.3d 710, 713 (8th Cir. 2008) (quoting *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir.2000)).

Considering the relevant factors, the Court concludes that abstention is appropriate. Both cases involve the application of state law to interpret the same insurance policy, and specifically whether coverage exists under the Policy for the state court judgment and whether United Financial has a duty to defend Shelton. All parties to the federal action are parties to the state court action, and the state action also involves additional necessary parties that are not joined in the federal proceeding.[4] While the exact stage of the state court action is unknown to the Court, it appears that the parties have at least conducted discovery and engaged in substantial motion practice. Also, while Shelton has failed to appear in the instant proceeding, it appears that Shelton has appeared in the state court proceeding. Based on the foregoing, the state court is a more appropriate forum at

---

[4] The Court notes that United Financial has filed a Motion for Leave to Amend Complaint to add Brandy Shelton and Ronald Peters as defendants; however, even if these parties were added to the instant proceeding, the action would still lack all necessary parties, as Progressive has not been joined or proposed to be joined.

this time.  Therefore, the Court will abstain from the exercise of jurisdiction in this matter.

### C. Dismiss or Stay

The Court concludes that a stay of proceedings is the appropriate course of action here. *Royal Indem.*, 511 F.3d at 797 ("where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case . . . fails to resolve the matter in controversy") (internal quotation omitted).  To the extent United Financial believes its claims remain unadjudicated at the conclusion of the state court action, United Financial may seek to pursue them in this Court.

### IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that Anderson's Motion to Dismiss or Stay (Doc. 24) is GRANTED to the extent that the Court will STAY this action pending the resolution of Case No. CV-2012-175 in the Circuit Court of Polk County, Arkansas.  The parties are to promptly advise the Court when the state court proceeding is concluded.

IT IS FURTHER ORDERED that United Financial's Motion for Default Judgment as to Defendant Kenneth Shane Shelton, d/b/a Shane Shelton Trucking (Doc. 19), United Financial's Motion for Leave to Amend Complaint (Doc. 28), and United Financial's Motion to Continue Trial (Doc. 30) are DENIED as moot.

IT IS FURTHER ORDERED that the case shall be closed for administrative purposes only, subject to reopening on motion of any party at the conclusion of the state court proceeding.

IT IS SO ORDERED this 28th day of February, 2013.

/s/ P. K. Holmes, III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE